UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  **CASE NO: 6:17-cr-291-CEM-LHP**

**RAYMOND LEE KELLY**

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION**   **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. No. 159)**
>
> **FILED:**   **October 23, 2025**
>
> ───────────
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**

**I.   BACKGROUND**

On December 17, 2017, a grand jury issued an indictment charging Defendant Raymond Lee Kelly with one criminal charge of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Doc. No. 1. Defendant was ultimately convicted of this offense following a jury trial, and on January 28, 2021, the Court sentenced Defendant to a term of 235 months

imprisonment, followed by a three (3) year term of supervised release. Doc. Nos. 59, 86. Judgment was entered accordingly on February 1, 2021. Doc. No. 90.

Defendant appealed, and on December 30, 2021, the Court of Appeals affirmed Defendant's conviction and sentence. Doc. Nos. 92, 94, 120. The mandate issued on January 28, 2022. Doc. No. 123. Defendant thereafter unsuccessfully moved to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Doc. Nos. 124, 141.

On September 11, 2024, Defendant filed a *pro se* motion for compassionate release/reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 4205(g). Doc. No. 125. Defendant argued that his medical conditions and lack of disciplinary violations warranted a reduction in his sentence. *Id.* The Court denied the motion on June 20, 2025, finding Defendant failed to establish that his medical conditions constituted "extraordinary and compelling circumstances," and that Defendant wholly failed to demonstrate how the factors set forth in 18 U.S.C. § 3553(a) would support a reduction in sentence. Doc. No. 143.

Defendant did not appeal the June 20, 2025 Order, instead he filed a second motion for compassionate release on September 8, 2025. Doc. No. 153. The second motion again discusses Defendant's medical conditions, but also argues that "disparity-unusually long sentence" and Defendant's lack of prison infractions also justify a reduction in his sentence. *Id.* The Court denied this second motion on

September 23, 2025, incorporating by reference the Court's June 20, 2025 Order. Doc. No. 155.

On October 8, 2025, Defendant filed a notice of appeal as to the Court's September 23, 2025 Order. Doc. No. 156. Along with the notice of appeal, Defendant has filed an Application to Proceed In District Court Without Prepaying Fees or Costs, which the undersigned has construed as a motion to proceed *in forma pauperis* on appeal. Doc. No. 159.[1] The motion has been referred to the undersigned, and upon consideration, I will recommend that the motion be denied.[2]

## II.   ANALYSIS

Federal Rule of Appellate Procedure 24(a)(3) states as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

---

[1] Defendant filed the motion to proceed *in forma pauperis* on appeal 15 days after his notice of appeal (*see* Doc. Nos. 156, 159), and the undersigned granted Defendant's request that the motion be deemed timely filed. Doc. No. 162.

[2] Defendant has filed an identical motion in another, earlier, criminal case for which he is serving a sentence related to violations of supervised release, which the undersigned address in a separate Report and Recommendation. *See United States v. Raymond Lee Kelly*, Case No. 6:07-cr-134-CEM-LHP.

*See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

"Good faith is demonstrated where an appeal 'seeks appellate review of any issue not frivolous.'" *Schmitt v. U.S. Office of Pers. Mgmt.*, No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). A frivolous case is one "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (citation omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Id.* (internal quotations and citations omitted); *see also Bell v. HCR Manor Care Facility of Winter Park*, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849, at *2 (M. D. Fla. Aug. 24, 2010). In other words, "[a] lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Cooley v. Ocwen Loan Svc.*, LLC, 729 F. App'x 677, 680-81 (11th Cir. 2018) (quoting *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).[3]

Upon review of Defendant's motion for reduction in sentence, the Court's Orders in this case, and the present motion for leave to appeal *in forma pauperis*, I find that Defendant's appeal is not taken in good faith. Therefore, he should not

---

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

be afforded leave to proceed *in forma pauperis* on appeal. The Court previously addressed Defendant's arguments regarding his medical conditions and lack of disciplinary violations, and explained why they were unpersuasive. Doc. No. 143. The Court also previously addressed the factors in 18 U.S.C. § 3553(a), found that they did not warrant a reduction in sentence, and noted that Defendant failed to meet his burden of showing that the factors in § 3553(a) would support a reduction. *Id.* In his second motion for compassionate release (Doc. No. 153), Defendant again failed to address any of the § 3553(a) factors, instead relying on the Supreme Court's recent decision in *Erlinger v. United States*, 602 U.S. 821 (2024) and his lack of prison infractions. Doc. No. 153, at 7, 8.

Given that Defendant's arguments are identical to those previously raised and addressed by the Court, that Defendant continues to fail to address the § 3553(a) factors, and in the absence of any legal authority to the contrary, the undersigned finds that any appeal by Defendant would not be taken in good faith and in turn, Defendant is not entitled to proceed in forma pauperis on appeal under Fed. R. App. P. 24(a)(3). *See, e.g., United States v. Griffin*, No. 24-13957, 2025 WL 2437452 (11th Cir. Aug. 25, 2025) (affirming denial of motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) where defendant claimed his diminished mental capacity and *Erlinger v. United States* supported a reduction in his sentence, and where district court did not address *Erlinger*, but found that the 18 U.S.C. § 3553(a) factors did not

support a reduction in sentence); *United States v. Jordan*, No. CR 218-056-1, 2022 WL 5200002, at *3 (S.D. Ga. Oct. 5, 2022) (denying motion for reconsideration of denial of motion for compassionate release and denying motion to appeal *in forma pauperis* as not taken in good faith where court examined defendant's medical records, concluded that defendant's medical conditions did not substantially diminish his ability to engage in self-care and did not qualify as an extraordinary and compelling reason for compassionate release, and where the other 18 U.S.C. § 3553(a) factors weighed in favor of defendant serving the sentence imposed). *See also United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (finding no abuse of discretion and affirming denial of motion for compassionate release based on medical reasons – namely high cholesterol, high blood pressure, and coronary artery disease that could be managed in prison).

### III.  RECOMMENDATION

Accordingly, for the reasons set forth above **I RESPECTFULLY RECOMMEND** that Defendant's Motion to Proceed In Forma Pauperis on Appeal (Doc. No. 159) be **DENIED** and that the Court certify to the Eleventh Circuit that Defendant's Notice of Appeal (Doc. 156) is not taken in good faith.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's

factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

    Recommended in Orlando, Florida on October 28, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party